UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


United States of America

    v.                                    Criminal No. 06-cr-047-JD
                                            Opinion No. 2021 DNH 055
Stephen M. Butler


O R D E R

Stephen Butler moves for reduction of his sentence pursuant
to 18 U.S.C. § 3582(c)(1)(A), arguing that he has an increased
risk of serious illness if he were to contract COVID-19.[1]  The
government objects to a reduction of Butler's sentence on the
grounds that he is not at increased risk, as he contends, and
the sentencing factors weigh against reducing his sentence.  An
officer of the United States Probation and Pretrial Services has
filed a report.


Standard of Review

After an inmate exhausts available administrative remedies,
a court may reduce his sentence if the inmate establishes an
extraordinary and compelling reason for the reduction and if the
reduction is consistent with the sentencing factors in 18 U.S.C.

---

[1] Butler filed a pro se motion for reduction of his sentence
under § 3582(c)(1)(A).  Counsel was appointed to represent him
for purposes of that motion, and counsel filed a supplement on
Butler's behalf.

§ 3553(a) and applicable policy statements issued by the Sentencing Commission. § 3582(c)(1)(A). Because the Sentencing Commission has not released an updated policy statement since enactment of the First Step Act, courts continue to use its most recent statement from November of 2018, U.S.S.G. § 1B1.13, without the limitation to the Director of the Bureau of Prisons. See, e.g., United States v. Newton, 2021 WL 966862, at *6 (D. Me. Mar. 15, 2021); United States v. Gonzalez, 2021 WL 135772, at *1 (D. Mass. Jan. 14, 2021); United States v. Vigneau, 473 F. Supp. 3d 31, 35 (D.R.I. 2020). That policy statement is clarified in the commentary, which states that an extraordinary and compelling reason may exist based on a serious physical or medical condition, age of the defendant, family circumstances, or another reason, as determined by the court. § 1B.13, cmt. n.1 (A-D). Newton, 2021 WL 966862, at *6; United States v. Manning, 2021 DNH 006, 2021 WL 77149, at *1 (D.N.H. Jan. 8, 2021); Vigneau, 473 F. Supp. 3d at 36.

## Background

In March of 2008, Butler pleaded guilty to nine counts of robbery in violation of 18 U.S.C. § 1951 and two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Butler's eleven crimes of conviction occurred between December of 2004 and

September of 2005.  During that crime spree, he robbed grocery
stores, restaurants, video stores, a hotel, and two banks.  In
each case, he brandished what appeared to be a gun or said that
he had a gun and threatened to shoot employees while demanding
money.[2]  Although not charged, Butler stole vehicles from
dealerships that he used to commit the robberies.  In addition,
when officers were attempting to arrest him, Butler tried to
flee, ramming his car into police vehicles and driving toward
the officers.  He was shot multiple times before the arrest
because of his failure to obey the officers' commands.

Prior to the crimes of conviction and the related
robberies, Butler had amassed a significant criminal history.
Beginning more than twenty years before the crime spree that
resulted in his convictions, Butler was arrested and charged
with armed robbery, larceny of a motor vehicle, possession of
tools for burglary, breaking and entering, assaults with
dangerous weapons, and assaults and batteries on police
officers.  His criminal history resulted in a determination that
Butler was a career offender with a criminal history category of
VI.  Based on the aggravating circumstances of his crimes of

---

[2] Butler used pellet guns that resembled a sawed off shotgun
and a hand gun during the robberies.

conviction, the court granted an upward departure from the
Guideline range.

Butler was sentenced to 240 months on each count to be
served concurrently.  He has served about 15 1/2 years of his
sentence, which he contends is 91% of his sentence and the
government contends is 77% of his sentence.  He is currently
incarcerated at FCI Ray Brook in New York and is scheduled to be
released in September of 2022.  He is assessed to have a medium
risk of recidivism and is designated at the medium security
level in the prison.  Butler filed a request for reduction of
his sentence with the warden at FCI Bay Brook, which was denied.
The government agrees that Butler has exhausted administrative
remedies.

Butler is fifty-seven years old.  As is noted above, during
his arrest in 2005, he was shot multiple times.  Those injuries
required a series of surgical procedures, including removal of
his spleen and part of his pancreas.  He was hospitalized and
then was incarcerated at FMC Devens at the beginning of his
sentence for purposes of medical treatment.  Butler submitted
guidance from the CDC website that the risk of hospitalization
and death from COVID-19 increases with age.

For purposes of addressing Butler's motion for reduction in
his sentence, the government had his medical records reviewed by

4

Dr. J. Gavin Muir, Chief Medical Officer of Amoskeag Health in
Manchester, New Hampshire.  Dr. Muir noted Butler's serious
medical history, which required extensive treatment.  On review
of Butler's current medical records, however, Dr. Muir concluded
that Butler does not have a medical condition that would put him
at increased risk if he were to contract COVID-19.

Butler submitted a newspaper article dated February 18,
2021, about inadequate efforts to deal with COVID-19 at FCI Ray
Brook and argues that the prison is not doing enough to protect
inmates from the disease.  The government responds with
information about the efforts made by the BOP to avoid COVID-19
spread.  Currently, the BOP website reports that at FCI Ray
Brook no inmates are infected with COVID-19 and one staff member
has the disease.

Butler represents that if he were released from prison, he
would live with his sister and her family in Taunton,
Massachusetts.  He plans to quarantine there and to follow the
social distancing guidelines.  He intends to get a commercial
driver's license and to work as a truck driver.

## Discussion

Butler asks to have his sentence reduced to time served
with the remainder of the sentence to be served as a special

term of supervised release in home confinement.  In support, he contends that his age and medical conditions put him at increased risk of serious illness if he were to contract COVID-19.  The government agrees that Butler has exhausted administrative remedies but contends that he lacks an extraordinary and compelling reason to reduce his sentence and contends that the sentencing factors preclude relief.  The probation officer's report was also considered for purposes of this order.

## A.  Exhaustion and Extraordinary and Compelling Reason

There is no dispute that Butler has exhausted administrative remedies as required under § 3582(c)(1)(A). Butler argues that his age and medical conditions put him at increased risk if he were to contract COVID-19, which provides an extraordinary and compelling reason to reduce his sentence. The government disagrees, arguing that Butler lacks a medical condition that puts him at increased risk and has not shown that his risk of contracting COVID-19 at FCI Ray Brook satisfies that requirement.

The CDC has reported, as Butler contends, that advancing age is a risk factor for COVID-19.  Butler, however, has not shown that his circumstances present a sufficient risk to create

6

an extraordinary and compelling reason to reduce his sentence. Although he claims that he has medical conditions that put him at risk, Dr. Muir found otherwise.

Further, the current risk at FCI Ray Brook, where Butler is incarcerated, is not great, with only staff member is diagnosed with COVID-19 and no inmates are reported to be ill.  Butler was tested for the virus twice in January with negative results each time.  The information provided in the newspaper article filed by Butler appears to be based on data during a spike in cases in January of 2021, which has now abated.

Therefore, Butler has not shown an extraordinary and compelling reason to reduce his sentence.  Even if he could make that showing, however, reduction would not be appropriate in light of the factors under § 3553(a).

B.  Sentencing Factors under § 3552(a)

Section 3553(a) states that the "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" provided in § 3553(a)(2), and lists factors for determining an appropriate sentence.  The first two factors are particularly pertinent for purposes of this motion.[3]  The

---

[3] The third factor directs consideration of "the kinds of sentences available;" the fourth and fifth factors focus on the Sentencing Guidelines; the sixth factor addresses "the need to

first factor directs the sentencing court to consider "the
nature and circumstances of the offense and the history and
characteristics of the defendant." § 3553(a)(1).  The second
factor focuses on the purposes of sentencing, including:

> the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to
> promote respect for the law, and to provide just
> punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the
> defendant; and
> (D) to provide the defendant with needed educational
> or vocational training, medical care, or other
> correctional treatment in the most effective manner.

§ 3553(a)(2).

The court considered the § 3553(a) factors when Butler was
sentenced, and he received an appropriate sentence for his
serious crimes and in light of his extensive criminal history.
Butler notes that he has served more than three quarters of his
sentence, has made commendable efforts toward rehabilitation,
and has not had disciplinary issues while in prison.
Nevertheless, he remains classified at medium security and as a
medium risk of recidivism.

The court considers Butler's classification at medium
security and medium risk of recidivism to be significant factors

---

avoid unwarranted sentence disparities;" and the seventh factor
directs courts to consider the defendant's restitution
obligations.

weighing against reduction of his sentence.  Further, the number and violence of his crimes, along with the circumstances during his arrest, demonstrate that he presents a significant risk of danger to the public.  For these reasons, even if Butler could show an extraordinary and compelling reason to reduce his sentence, the court would not grant that request based on the sentencing factors.

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion for reduction of his sentence (documents no. 70) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

March 22, 2021

cc:  Counsel of record.

9